IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLEN POWELL et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. _____ |
| THE CITY OF ST. ANN, ) | |
| ) | **Expedited Hearing Requested** |
| Defendant. ) | (Class Action) |
| ) | |

**MOTION TO WAIVE THE SECURITY**

COMES NOW, Plaintiff, by and through his attorney, and respectfully requests that the Court waive the injunction bond.

Federal Rule of Civil Procedure 65(c) provides that the court require the moving party to post security to protect the other party from any financial harm likely to be caused by a temporary injunction if that party is later found to have been wrongfully enjoined. Rule 65(c), however, "vest[s] broad discretion in the district court to determine the appropriate amount of an injunction bond," *DSE v. United States*, 169 F.3d 21, 33 (D.C. Cir. 1999), *including the discretion to require no bond at all. Steward v. West*, 449 F.2d 324, 325 (5th Cir. 1971) (finding that no injunction bond need be posted when "it is very unlikely that the defendant will suffer any harm"); *RoDa Drilling v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) ("[T]rial courts have wide discretion under Rule 65(c) in determining whether to require security…."); *Donohue v. Mangano*, 886 F. Supp. 2d 126, 163 (E.D.N.Y. 2012) ("[A] district court has wide discretion to dispense with the bond requirement of Fed.R.Civ.P. 65(c) where there has been no proof of likelihood of

harm…."); *Council on American-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 81 (D.D.C. 2009) (same).  The Court should use its considerable discretion to find that no security (or a nominal security of $1) is required in this case for several important reasons.

First, the likelihood of St. Ann suffering any harm from an improperly issued injunction requiring the City to comply with federal law is almost non-existent. *See, e.g.*, *Gaubatz*, 667 F. Supp. 2d at 81 (requiring no bond where the defendant would not be substantially injured by the issuance of an injunction); 11A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2954 (2d ed.) ("[T]he court may dispense with security altogether if the grant of an injunction carries no risk of monetary loss to the defendant.").  Indeed, the limited injunction sought in this Motion would not even eliminate the City's ability to release the named Plaintiff or other future arrestees on a signature bond.  The City may issue the same bond to Mr. Powell and other arrestees and charge them the same amount of money should they fail to appear in court.  *It was planning to do so in three days anyway.*  Thus, no financial harm would result from this preliminary injunction.

Second, the named Plaintiff and other Class members are all living in poverty, and the very reason for bringing this case is their lack of financial resources. *See, e.g.*, *Mitchell et al. v. City of Montgomery*, 14-cv-186-MEF, Doc. 18 at 3, (May 1, 2014) (issuing preliminary injunction without requiring a bond for indigent plaintiffs because they were likely to succeed on the merits and because the City was unlikely to suffer significant financial harm); *Swanson v. Univ. of Hawaii Prof. Assembly*, 269 F. Supp. 2d 1252, 1261 (D. Haw. 2003) (waiving the security requirement for public employees

based on ability to pay and also because the injunction sought enforcement of constitutional rights); *Johnson v. Bd. of Police Comm'rs*, 351 F. Supp. 2d 929, 952 (E.D. Mo. 2004) (requiring no bond for homeless plaintiffs); *Wayne Chem. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 701 (7th Cir. 1977) (requiring no bond for indigent person); *Bass v. Richardson*, 338 F. Supp. 478, 490 (S.D.N.Y.1971) ("It is clear to us that indigents, suing individually or as class plaintiffs, ordinarily should not be required to post a bond under Rule 65(c)."); *see also* 11A Wright & Miller § 2954 (courts can waive the bond requirement in cases involving poor plaintiffs).

Finally, the Plaintiffs are overwhelmingly likely to succeed on the merits.  The outcome of any future trial, if necessary, is likely to reaffirm the basic principles that have been repeatedly reaffirmed by the Supreme Court and federal and state courts across the country.

Respectfully submitted,

_/s/ Thomas B. Harvey_____
Thomas B. Harvey (MBE #61734)
ArchCity Defenders
812 N. Collins Alley
Saint Louis, MO 63102
855-724-2489


_/s/ Alec Karakatsanis_____
Alec Karakatsanis (E.D.Mo. Bar No. 999294DC)
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
(202)-681-2409
alec@equaljusticeunderlaw.org